No. 3818.—J. M. WELLS v. O. K. HAWLEY, Administrator.

A claim for overseer's wages is prescribed by three years. A contract by which one person assumes to act as mandatory for another is from its nature gratuitous, and if the contract stipulates no compensation then the mandatary can not recover. R. C. C. 2991.

APPEAL from the Ninth Judicial District Court, parish of Rapides. Orsborn, J. R. J. Bowman, for plaintiff and appellant. R. A. Hunter, for defendant and appellee.

HOWE, J. The plaintiff claimed the sum of $8540 from the defendant as the administrator of S. D. Linton for services alleged to have been rendered by him as agent to manage and care for the plantation of Linton in the parish of Rapides from August, 1863, to January, 1867.

An intervention in the case was dismissed and the intervenor has not appealed.

The defense before us is the general denial and a plea of prescription of two, three and five years. There was judgment rejecting the claim of plaintiff and he has appealed. We see no error in the judgment. The services of plaintiff appear to have been of a two-fold character; as overseer in 1863 in ginning certain cotton, and as agent in caring for the place at the request of Perkins, the agent of Linton. The testimony is vague and unsatisfactory. So far as the claim is for overseeing, it is prescribed by three years. Rev. C. C. 3538. So far as the claim is for compensation as mandatary, the written appointment fixes none, and the contract is by its nature gratuitous. Rev. C. C. 2991. We find nothing in the evidence that is sufficient to rebut the presumption thus established by law that the services of plaintiff, a neighbor of Linton, were performed merely as an act of neighborly kindness. 21 An. 553, Wood v. McCranie.

Judgment affirmed.